**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| LOWES FOODS, LLC<br><br>　　Plaintiff,<br><br>v.<br><br>SOLEY CHAPIN CENTER, LLC,<br><br>　　Defendant. | Case No.　CA 3:22-1167-SAL<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Lowes Foods, LLC ("Lowes Foods"), by and through its undersigned counsel, files this Complaint against Defendant Soley Chapin Center, LLC ("Soley Chapin" or "Defendant") and alleges the following:

## **PARTIES**

1. Plaintiff Lowes Foods, LLC, is a North Carolina limited liability company with its principal place of business located at 1381 Old Mill Circle, Suite 200, Winston-Salem, North Carolina 27103.

2. Defendant Soley Chapin Center, LLC, is a South Carolina limited liability company, with its principal place of business located at 1221 Main Street, Suite 1800, Columbia, South Carolina 29201.

1

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Lowes Foods and Soley Chapin are citizens of different states, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

4. This Court has personal jurisdiction over Soley Chapin because Soley Chapin is a domestic limited liability company subject to the general jurisdiction of the Courts of South Carolina.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims stated herein occurred in this District, because Soley Chapin resides in this District, and because Soley Chapin is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

6. Lowes Foods is in the retail supermarket business. Lowes Foods stores are located throughout the Southeast, including in Virginia, North Carolina, and South Carolina.

7. Soley Chapin is a commercial real estate landlord. One of the properties owned by Soley Chapin is a shopping center located at 1419 Chapin Road in Chapin, South Carolina (the "Center").

8. In or around October 2020, Lowes Foods was assigned the tenancy interest in a Lease for a grocery store location in the Center that had been previously entered into by Soley Chapin, as Landlord, and the Bi-Lo supermarket chain, as Tenant.

9. Lowes Foods and Soley Chapin also entered into a Letter Agreement which provided that, *inter alia*, Lowes Foods would make significant and valuable improvements to the leased premises to the mutual benefit of both Lowes Foods and Soley Chapin. The Letter

Agreement was signed by Soley Chapin on August 26, 2020, and by Lowes Foods on August 31, 2020. A copy of the Letter Agreement is attached as **Exhibit A**.

10. One improvement that Lowes Foods agreed to facilitate pursuant to the Letter Agreement was an improvement to the building's HVAC System.

11. Specifically, under Section 1 of the Letter Agreement, Lowes Foods agreed to "cause the commencement of the replacement of the HVAC System *or portions thereof*" within one year of the date of the Letter Agreement (emphasis added).

12. In return, because replacement and/or repair of the building's HVAC System would constitute a significant and valuable improvement to the real property, Soley Chapin agreed to pay to Lowes Foods the amount of $162,500 to account for the costs and expenses incurred by Lowes in connection with the replacement of the entire HVAC System or of portions thereof (the "HVAC Credit").

13. In fulfillment of its obligations under the Letter Agreement, after determining that the HVAC System could be restored to full functionality without a full replacement, on or around February 25, 2021, Lowes Foods facilitated the replacement of portions of the HVAC System for an amount significantly less than the originally estimated amount, to the mutual benefit of both Lowes Foods and Soley Chapin.

14. After fulfilling its obligations under the terms of the Letter Agreement, Lowes Foods requested on August 25, 2021 that Soley Chapin pay the HVAC Credit as required by the Letter Agreement.

15. The Letter Agreement does not provide for any changes to the amount of the HVAC Credit regardless of the actual cost of the repairs to the HVAC System. However, because the cost of the necessary HVAC System repairs was less than originally estimated,

Lowes Foods, in good faith, offered to apply the pro rata share of the HVAC Credit to the actual cost of the HVAC System work, and to apply the remaining amount of the HVAC Credit to additional building improvements, including improvements to the building's façade that had been required by the Town of Chapin. These additional building improvements were not anticipated by Lowes Foods at the time it assumed the Lease.

16. Soley Chapin explicitly refused, in writing, to fulfill its obligation to pay Lowes Foods the contracted-for HVAC Credit, in full or even in part.

17. In response to Soley Chapin's explicit repudiation of its performance obligations under the Letter Agreement, Lowes Foods attempted to negotiate in good faith with Soley Chapin to secure the HVAC Credit.

18. Soley Chapin has continued to refuse to honor its contractual commitments to Lowes Foods, which means that Lowes Foods has borne the entire cost of restoring the HVAC System to full working order. This is precisely the outcome that the Letter Agreement was created to avoid, and it provides Soley Chapin, as the owner of the building, with an enormous windfall at Lowes Foods' expense.

## COUNT I: BREACH OF CONTRACT

19. Lowes Foods incorporates by reference the allegations contained in Paragraphs 1-18 as if fully set forth herein.

20. The Letter Agreement is a valid and binding contract between Lowes Foods and Soley Chapin.

21. Lowes Foods fully performed its obligations under the Letter Agreement, including but not limited to the obligation to commence the replacement of the HVAC System or portions thereof within one year from the date of the Letter Agreement.

22. Soley Chapin breached its obligations under the Letter Agreement by failing to pay the HVAC Credit to Lowes Foods as required by the Letter Agreement.

23. As an actual and proximate result of Soley Chapin's breach of the Letter Agreement, Lowes Foods has been and continues to be damaged.

24. Lowes Foods is entitled to recover damages resulting from Soley Chapin's breach of the Letter Agreement.

## COUNT II: UNJUST ENRICHMENT

25. Lowes Foods incorporates by reference the allegations contained in Paragraphs 1-18 as if fully set forth herein.

27. Lowes Foods expended significant amounts of time and money to facilitate the replacement of portions of the HVAC System, which is affixed to the Center, which is owned by Soley Chapin.

28. Soley Chapin received a measurable financial benefit from Lowes Foods' improvement of the HVAC System. As a direct result of Lowes Foods' replacement of portions of the HVAC System, the real property owned by Soley Chapin has increased in value. In addition to the actual monetary value of the replaced and repaired portions of the HVAC System, Soley Chapin's property has also increased in value because the HVAC System is now fully functional.

29. Lowes Foods did not confer this benefit upon Soley Chapin gratuitously. Lowes Foods paid for the work on the HVAC System and facilitated the restoration of the HVAC System to full functionality in anticipation of receiving the HVAC Credit from Soley Chapin.

30. Soley Chapin voluntarily accepted the benefit conferred by Lowes Foods.

31. Allowing Soley Chapin to retain the value of the benefit conferred upon it by Lowes Foods would be inequitable such that Soley Chapin would be unjustly enriched. Lowes Foods is therefore entitled to damages in amount equal to the value of the benefit Lowes Foods conferred upon Soley Chapin.

## **PRAYER FOR RELIEF**

WHEREFORE, Lowes Foods prays for the entry of a judgment from this Court in its favor and against Soley Chapin and respectfully requests the following relief:

1. That Lowes Foods have judgment against Soley Chapin and recover damages resulting from Soley Chapin's breach of the Letter Agreement;

2. That Lowes Food have judgment against Soley Chapin and recover damages resulting from Soley Chapin's unjust enrichment at Lowes Foods' expense;

3. That the Court enter judgment in favor of Lowes Foods for pre-judgment and post-judgment interest at the legal rate;

4. That all costs be assessed against Soley Chapin; and

5. That the Court award to Lowes Foods such other relief as is just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lowes Foods requests a trial by jury on any issues so triable by right.

Dated: April 11, 2022

                                          */s/ Jasmine K. Gardner*
                                        Jasmine K. Gardner
                                        S.C. Federal Bar. No. 12531
                                        McGuireWoods LLP
                                        201 N. Tryon Street, Suite 3000
                                        Charlotte, North Carolina 28202
                                        Telephone: (704) 343-2262
                                        Facsimile: (704) 343-2300
                                        Email: jgardner@mcguirewoods.com

                                        ***Counsel for Plaintiff Lowes Foods, LLC***