# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| LOWES FOOD, LLC<br><br>                   Plaintiff,<br><br>v.<br><br>SOLEY CHAPIN CENTER, LLC,<br><br>                   Defendant. | CASE No. 3:22-cv-1167-SAL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, Soley Chapin Center, LLC, (hereinafter "Defendant") answer Plaintiff's Complaint as follows:

1. Every allegation that is not expressly admitted is denied.

2. Defendant admits the allegations in Paragraph 1, on information and belief.

3. Defendant admits the allegations in Paragraph 2.

4. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 3 and therefore denies the allegations in Paragraph 3.

5. Defendant denies the allegations in Paragraph 4 because a Summons must issue before personal jurisdiction can be exercised. See generally Fed. R. Civ. P. 4; Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

6. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 5 and therefore denies the allegations in Paragraph 5.

7. Defendant admits the allegations in Paragraph 6, on information and belief.

8. Defendant admits the allegations in Paragraph 7.

9. As for Paragraph 8, Defendant craves reference to the referenced documents and denies any inconsistency therewith.

10. As for Paragraph 9, Defendant asserts that the "Letter Agreement" speaks for itself and denies any characterizations that are inconsistent with the language and dates of signatures therein.

11. As for Paragraph 10, Defendant asserts that the "Letter Agreement" speaks for itself and denies any characterizations that are inconsistent with the language therein.

12. As for Paragraph 11, Defendant asserts that the "Letter Agreement" speaks for itself and denies any characterizations that are inconsistent with the language therein; however, Plaintiff does not include the back half of the quoted sentence: "Lowes will cause the commencement of the replacement of the HVAC System or portions thereof [] *based on the assessment set forth in the report attached hereto as Exhibit A and incorporated herein by reference*." (emphasis added). That assessment called for a replacement of the HVAC System at a cost of $325,000—not a replacement of portions thereof for a lesser amount.

13. As for Paragraph 12, Defendant asserts that the "Letter Agreement" speaks for itself and denies any characterizations that are inconsistent with the language therein.

14. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies the allegations in Paragraph 13.

15. As for Paragraph 14, Defendant admits only that Plaintiff requested payment of $162,500, despite admitting that the alleged cost of the alleged work is much less than that amount; Defendant otherwise denies the allegations in Paragraph 14.

16. As for Paragraph 15, Defendant denies that Plaintiff initially offered to apply the "pro rata share" of $162,500 to the actual cost of the HVAC System work and apply the remaining amount to additional building improvements. Plaintiff denies the allegations in Paragraph

17. Defendant denies that it has an obligation because Plaintiff did not comply with the terms of the Letter Agreement. Defendant denies the allegations in Paragraph 16.

18. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 17 and therefore denies the allegations in Paragraph 17.

19. Defendant denies the allegations in Paragraph 18.

20. As for Paragraph 19, Defendant incorporates its answers to Paragraphs 1-18 as if full set forth herein.

21. Defendant admits the allegation in Paragraph 20, upon information and belief.

22. Defendant denies the allegations in Paragraph 21.

23. Defendant denies the allegations in Paragraph 22.

24. Defendant denies the allegations in Paragraph 23.

25. Defendant denies the allegations in Paragraph 24.

26. As for Paragraph 25, Defendant incorporates its answers to Paragraphs 1-18 as if full set forth herein.

27. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 26 (improperly numbered 27 in Plaintiff's Complaint) and therefore denies the allegations in Paragraph 26.

28. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 27 (improperly numbered 28 in Plaintiff's Complaint) and therefore denies the allegations in Paragraph 27.

29. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 28 (improperly numbered 29 in Plaintiff's Complaint) and therefore denies the allegations in Paragraph 28.

30. Defendant denies the allegations in Paragraph 29 (improperly numbered 30 in Plaintiff's Complaint) and specifically denies that a piecemeal repair of the HVAC System confers a "benefit".

31. Defendant denies the allegations in Paragraph 30 (improperly numbered 31 in Plaintiff's Complaint).

32. Defendant denies all relief requested in Plaintiff's Prayer.

## FOR A FIRST DEFENSE

33. Defendant incorporates the paragraphs above as if fully set forth herein.

34. Plaintiffs have failed to comply with the conditions precedent required to seek any recovery under the contracts or agreements between the parties.

## FOR A SECOND DEFENSE

35. Defendant incorporates the paragraphs above as if fully set forth herein.

36. As set forth more fully above, Plaintiff has failed to comply with the terms of the contracts it seeks to enforce and it has committed a prior material breach of the same; therefore it is barred from recovery under the agreement between the parties.

37. Additionally, as set forth more fully above, Plaintiff has breached its duty to act in good faith and deal fairly with Defendant regarding the contract under which it seeks to recover from Defendant, and therefore its claim should be denied.

## FOR A THIRD DEFENSE

38. Defendant incorporates the paragraphs above as if fully set forth herein.

39. Plaintiff should be barred from receiving any equitable or legal relief due to its own inequitable conduct directed toward the Defendant in this matter, such as saying that it would commence replacement of the HVAC System or portions thereof based on an assessment that called for full replacement at a cost of $325,000 but instead allegedly performing piecemeal repairs for much less than that.

WHEREFORE, Defendant prays for entry of judgment from this Court in its favor and against Plaintiff and respectfully requests the following relief:

1. That the Court enter judgment in favor of Defendant;

2. That all costs be assessed against Plaintiff; and

3. That the Court award Defendant such other relief as is just and proper.

s/ Jenkins M. Mann
Jenkins M. Mann (S.C. Fed. Bar. #9986)
Kevin D. Maroney (S.C. Fed. Bar. # 12377)
**ROGERS LEWIS JACKSON MANN & QUINN, LLC**
1901 Main Street, Ste. 1200
P.O. Box 11803 (29211)
Columbia, SC 29201
Tel: (803) 256-1268
Email: jmann@rogerslewis.com
         kmaroney@rogerslewis.com

June 24, 2022                    **ATTORNEYS FOR DEFENDANT**